CHASEZ, Judge.
Hartford Accident and Indemnity Company instituted this suit against Lyon K. Loomis, M. D., to recover a duplicate payment for medical services rendered at plaintiff’s request to Harmon B. Sheppard.
Defendant had treated and peformed major surgery on Sheppard, and submitted a bill on November 11, 1960, in the amount of $4,550.00. The amount of the bill was questioned by plaintiff and a compromise of $3,000.00 was agreed upon. On February 17, 1961, plaintiff’s New Orleans office paid defendant the $3,000.00; through error, plaintiff’s Lafayette office sent a second *533 check for this $3,000.00 agreed on to defendant on May 19, 1961. This second check was plainly marked “IN FULL SETTLEMENT OF MEDICAL BILL DATED 11/10/60”. This second check was retained by defendant.
Prior to the issuance of the second check, it had become necessary for defendant to perform additional surgery on Sheppard in March 1961. In September of 1961 defendant deposited the second check on account of fees for the second operation and related treatment, for which services he considered the charge of $3,900.00 owing to him, although he had not then and never has since rendered a statement to plaintiff for those services.
When sued for the return of the duplicate $3,000.00 payment defendant urged his $3,-900.00 claim to offset plaintiff’s claim, and reconvened for the balance of $900.00.
From a judgment in plaintiff’s favor for $3,000.00 subject to a credit of $1,500.00 determined by the trial judge to be the value of the second operation and treatment, defendant brings this appeal.
Defendant, of course, bore the burden of proving his affirmative defense and reconventional demand. It is not disputed that plaintiff is liable for defendant’s services rendered to Sheppard; and it is established that defendant did perform an operation upon Sheppard’s elbow, and saw him on several office visits, although defendant’s testimony is somewhat vague both as to the number and duration of the visits. But defendant has failed to prove the reasonable value of the services he rendered. There is no testimony from other physicians as to the value of those services, nor any other evidence relative to their value except defendant’s own testimony. We are unable, on the record before us, to increase the amount awarded for those services by the District Court; on this record we are inclined to the view that the amount of $1,500.00 awarded by the District Court is more than ample for the services rendered.
Because plaintiff has not appealed, but simply asks affirmation of the judgment below, the question whether the credit in the amount of $1,500.00 is justified by the evidence is not before us on this appeal.
The judgment appealed from is therefore affirmed at defendant’s cost
, Affirmed.